UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH CONYERS,
        Plaintiff,
-vs.-

EXPERIAN INFORMATION SOLUTIONS, INC.,
an Ohio corporation,
TRANS UNION, LLC,
a Delaware limited liability company, and
MOUNTAIN RUN SOLUTIONS, LLC,
a Utah limited liability company,
        Defendants.
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, KENNETH CONYERS, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY CARL SCHWARTZ**, and for his Complaint against the Defendants, pleads as follows:

### JURISDICTION

1. This is an action brought by a consumer for violation of the Fair Credit Reporting Act 15 U.S.C. §1681, *et seq.,* and an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act

at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code

at M.C.L. § 339.901 et seq. ("MOC").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in

Wayne County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in Belleville, Wayne County, Michigan.

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio

   corporation that conducts business in the State of Michigan;

   b. Trans Union, LLC ("Trans Union"), which is a Delaware limited

   liability company that conducts business in the State of Michigan; and

   c. Mountain Run Solutions, LLC ("Mountain Run"), which is a Utah

   limited liability company that maintains its principal office in Utah

   and conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

6. Mountain Run is attempting to collect a debt allegedly owed by Plaintiff in the amount of $287.25 ("alleged Debt"). Mountain Run is a debt purchaser that bought the alleged Debt from the original creditor, Monitronics.

7. The statute of limitations ("SOL") to collect the alleged Debt has expired. The SOL for written contracts in the state of Michigan is six (6) years.

8. Plaintiff last made a payment towards the alleged Debt in 2013.

9. In March 2009, Plaintiff entered a contract with Monitronics for a home alarm system.  Plaintiff, at that time, entered into a payment plan with Monitronics.  Plaintiff incurred a debt from Monitronics for personal, family and/or household use.  The debt qualifies as such under the Fair Debt Collection Practices Act.

10. On February 18, 2013, Plaintiff made his last payment to Monitronics in the amount of $216.90.  This was not the  final payment due on the debt, but simply the last time that Plaintiff made a payment on the debt.

11. On or about April 27, 2020, Monitronics sent Plaintiff a correspondence stating that Mountain Run purchased the alleged Debt in August of 2019.

12. In June 2020, Plaintiff discovered Mountain Run reporting a tradeline ("Obsolete Tradeline")  associated with the alleged Debt on his credit

disclosures.  Plaintiff retained Alreda Menlove, Esq. as his attorney to dispute the tradeline.  .

13. On or about June 22, 2020, Plaintiff's attorney, Alreda Menlove, sent Mountain Run a correspondence stating that the alleged Debt is no longer collectible as the SOL has expired. Attorney Menlove asked Mountain Run to delete the Obsolete Tradeline from Plaintiff's credit disclosures.  Under the Fair Credit Reporting Act, a delinquent account may only appear on a consumer's credit file for up to six and half years.  As of June 22, 2020, the debt and the reporting of such debt were both beyond their related statutes of limitations.

14. On or about June 29, 2020, Mountain Run sent attorney Menlove a response to her correspondence regarding the alleged Debt and Obsolete Tradeline. In its letter, Mountain Run stated that if Plaintiff paid the alleged Debt in full, Mountain Run will delete the negative remarks on Plaintiff's credit disclosures.

15. On July 8, 2020, Plaintiff obtained his Experian credit disclosure and noticed the Obsolete Tradeline still reporting.

16. On July 13, 2020, Plaintiff obtained his Trans Union credit disclosure and noticed the Obsolete Tradeline still reporting.

17. On July 31, 2020, Plaintiff obtained another Experian credit disclosure, which showed that the Obsolete Tradeline was still reporting.

18. On or about September 21, 2020, Plaintiff, through Credit Repair Lawyers of America, submitted letters to Experian and Trans Union, disputing the Obsolete Tradeline.

19. In his letters, Plaintiff explained that he made his last payment toward the alleged Debt in 2013 and attached the receipt of payment confirming the same. Since the time for reporting the Obsolete Tradeline has expired, Plaintiff asked Experian and Trans Union to delete the Obsolete Tradeline.

20. Experian and Trans Union forwarded Plaintiff's consumer dispute to Mountain Run.

21. Mountain Run received Plaintiff's consumer dispute from the Experian and Trans Union.

22. In response to Plaintiff's dispute, Mountain Run verified to Experian and Trans Union that its reporting of its Obsolete Tradeline was accurate.

23. On or about September 25, 2020, Mountain Run sent Plaintiff a letter offering settlement of $200.00 for the alleged Debt if paid by October 31, 2020.

24. On or about October 12, 2020, Plaintiff received Experian's investigation results, which showed that Experian and Mountain Run failed or refused to delete the Obsolete Tradeline.

25. Plaintiff did not receive investigation results from Trans Union. Therefore, on November 2, 2020, Plaintiff obtained his Trans Union credit disclosure, which showed that Mountain Run and Trans Union failed or refused to delete the Obsolete Tradeline.

26. On November 18, 2020, Plaintiff obtained another Trans Union credit disclosure, which showed that Mountain Run and Trans Union failed or refused to delete the Obsolete Tradeline.

27. Mountain Run is collecting the alleged Debt even though the SOL to collect has expired, in violation of the FDCPA.

28. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY MOUNTAIN RUN

29. Plaintiff reincorporates the preceding allegations by reference.

30. At all relevant times Mountain Run, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

31. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

32. Mountain Run is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

33. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e by misrepresenting the alleged Debt by collecting on the alleged Debt even though the SOL has expired. Case law holds that credit reporting is debt collection activity.  Also, Plaintiff reported the Obsolete Tradeline associated with the alleged Debt on Plaintiff's Experian and Trans Union credit disclosures.  Defendant Mountain Run knew that it had no right to credit report its debt on the Plaintiff's credit files, but willfully did so anyway, creating a false impression on

his credit reports that this debt was enforceable and collectible, when in fact, it was not.

b. 15 U.S.C. §1692f using unfair or unconscionable means by collecting on the alleged Debt even though the Statute of Limitations for collection and for credit reporting had expired.

34. To date, and a direct and proximate cause of the Mountain Run's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score. Mountain Run has willfully continued to report false information on the Plaintiff's credit report.

35. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her statutory and actual damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE BY MOUNTAIN RUN

36. Plaintiff incorporates the preceding allegations by reference.

37. Mountain Run is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

38. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

39. Mountain Run's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) making a deceptive statement in a communication with a debtor by offering to settle an expired debt.

    b. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

40. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

41. These violations of the Michigan Occupational Code were willful.


**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.


## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT BY MOUNTAIN RUN

42. Plaintiff incorporates the preceding allegations by reference.

43. Mountain Run is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

44. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

45. Mountain Run's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(e) making a deceptive statement in a communication with a debtor by offering to settle an expired debt.

    b. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

46. Plaintiff has suffered damages as a result of these violations of the MCPA.

47. These violations of the MCPA were willful.


**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## COUNT IV

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MOUNTAIN RUN

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. After being informed by the Experian and Trans Union of Plaintiff's consumer dispute of the Obsolete Tradeline, Mountain Run negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

50. Mountain Run negligently failed to review all relevant information available to it and provided by the Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct the Experian and Trans Union to delete the Obsolete Tradeline.

51. The Obsolete Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Experian and Trans Union to which it is reporting such tradeline.

52. As a direct and proximate cause of Mountain Run negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

53. Mountain Run is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

54. Plaintiff has a private right of action to assert claims against Mountain Run arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Mountain Run for damages, costs, interest and attorneys' fees.

## COUNT V

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MOUNTAIN RUN

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. After being informed by the Experian and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Mountain Run willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

57. Mountain Run willfully failed to review all relevant information available to it and provided by the Experian and Trans Union as required by 15 USC 1681s-2(b).

58. As a direct and proximate cause of Mountain Run willful failure to perform its respective duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

59. Mountain Run is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Mountain Run for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT VI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

13

62. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

63. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

64. After receiving Plaintiff's consumer dispute to the Obsolete Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

65. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

66. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest and attorneys' fees.

**COUNT VII**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**

## BY EXPERIAN

67. Plaintiff realleges the above paragraphs as if recited verbatim.

68. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

69. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

70. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

71. After receiving Plaintiff's consumer dispute to the Obsolete Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

72. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

73. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## COUNT VIII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

74. Plaintiff realleges the above paragraphs as if recited verbatim.

75. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

76. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

77. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

78. After receiving Plaintiff's consumer dispute to the Obsolete Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

16

79. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

80. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest and attorneys' fees in the amount of less than twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IX

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

81. Plaintiff realleges the above paragraphs as if recited verbatim.

82. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

83. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

84. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

85. After receiving Plaintiff's consumer dispute to the Obsolete Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

86. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

87. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the

amount of less than twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a.  Actual damages;

b.  Statutory damages;

c.  Statutory costs and attorneys' fees; and

d.  Exemplary and Punitive Damages for Defendant's willful violation of the Fair Debt Collection Practices Act.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

19

Respectfully submitted.

January 29, 2021          /s/ Carl Schwartz
                         CARL SCHWARTZ (P70335)
                         GARY HANSZ (P44956)
                         CREDIT REPAIR LAWYERS OF AMERICA
                         Attorneys for Plaintiff
                         22142 West Nine Mile Road
                         Southfield, MI 48033
                         (248) 353-2882
                         Fax (248) 353-4840
                         Email – carl@crlam.com